UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CYNDAL TODD<br>Plaintiff,<br><br>vs.<br><br>TOTAL RECOVERY SOLUTION, LLC,<br>JOHN DOES, and JANE DOES<br>Defendants, | Civil Action No. 1:12-cv-12072 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

*I.   INTRODUCTION*

1. This is an action for actual and statutory damages brought by plaintiff Cyndal Todd, an individual consumer, against Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and also out of the invasions of Plaintiff's personal privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before, "[A]ny appropriate United States district court without regard to the amount in controversy," and also under 28 U.S.C. § 1337.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred here. Because Defendants transact business here, personal jurisdiction is established.

## III. PARTIES

4. Plaintiff, Cyndal Todd is a consumer, as that term is defined by 15 U.S.C. § 1692a(3), as well as a natural person allegedly obligated to pay any debt, residing in Essex County, in the state of Massachusetts.

5. Defendant, Total Recovery Solution, LLC is a debt collection law firm and corporation engaged in the business of collecting debt in this state with its principal place of business located in <u>Plymouth County</u>, in the state of <u>Massachusetts</u>.

6. Defendant John Does 1-10 (hereinafter "Defendant John Does") are natural person(s) who were employed by Defendants as collection agents, whose identities are currently

unknown to Plaintiff. Defendant John Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Defendant Jane Does 1-10 (hereinafter "Defendant Jane Does") are natural person(s) who was employed by Defendants as collection agents, whose identities are currently unknown to Plaintiff. Defendant Jane Does are "debt collectors" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6). One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Plaintiff is informed and believes, and thereon alleged, that Defendants use instrumentalities of interstate commerce or the mails in any business, the principal purpose of which being the collection of debts. Defendants are engaged in the collection of debts from consumers using the mail, electronic mail, facsimile, and telephone, and regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed or due another, being a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

9. At all relevant times, Defendants acted through it duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## *IV. FACTUAL ALLEGATIONS*

10. Sometime before November 6, 2012, Plaintiff, Cyndal Todd, incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a 'debt', as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

11. Upon information and belief, at some point the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Cyndal.

12. The debt that Defendants are attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment, as, again, defined by the FDCPA, 15 U.S.C. § 1692a(5).

13. Defendants then within one year prior to the filing of this complaint, began contacting Cyndal and placing collection calls to Cyndal prior to November 6, 2012; seeking and demanding payment for an alleged consumer debt owed under an account number.

14. Upon information and belief, within one year prior to the filing of this complaint, Defendants continued to call Cyndal, without her consent, and without the calls being for emergency purposes, believably seeking payment on an alleged debt, after already having

been given the knowledge that this was prohibited and/or inconvenienced Cyndal, and Defendants also made offensive statements to Cyndal and hung up the phone on her knowing this would annoy and/or harass her.

## *SUMMARY*

15. All of the above-described collection communications made to Plaintiff Cyndal Todd by each individual Defendant and other collection employees employed by Defendant Total Recovery Solution, LLC were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

16. The above-detailed conduct by these Defendants of harassing Cyndal in an effort to collect this debt was a violation of multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Cyndal's privacy.

17. As a result of the acts alleged above, Defendant caused Cyndal to become very upset because of the illegal and deceptive manner in which this debt was collected by these Defendants.

18. Cyndal suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, frustration, upset,

amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

19. Defendants repeated unlawful attempts to collect this alleged debt from Cyndal, was an invasion of Cyndal's privacy and her right to be left alone.

20. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Cyndal.

## *RESPONDEAT SUPERIOR LIABILITY*

21. The acts or omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant Total Recovery Solution, LLC who communicated with Plaintiff Cyndal Todd as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Total Recovery Solution, LLC.

22. The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant Total Recovery Solution, LLC in collecting consumer debts.

23. By committing these acts and omissions against Cyndal, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant Total Recovery Solution, LLC.

24. Defendant Total Recovery Solution, LLC is therefore liable to Cyndal through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect this debt by communicating with Cyndal.

## V. *CAUSES OF ACTION*

### COUNT I - VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

25. Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the provisions of the FDCPA, 15 U.S.C. § 1692 et seq., cited above, and below, with respect to Plaintiff:

(a) Defendant violated *§1692f* of the FDCPA by using unfair or

unconscionable means in connection with the collection of an alleged debt; and

(b) Defendant violated *§1692d* of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limited the general application of the foregoing[.]

27. Defendants' acts as described above were done intentionally with the purpose of coercing Cyndal to pay the alleged debt.

28. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff Cyndal Todd for actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable costs and attorney fees pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

**COUNT II - INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

29. Plaintiff Cyndal Todd repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

31. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors, albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

32. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of Cyndal, namely, by unlawfully attempting to collect on an alleged debt and thereby invaded Cyndal's privacy.

33. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Cyndal, namely, by unlawfully continuing to call her, without her consent and without the call(s) being for emergency purposes, in an attempt to try to collect on an alleged debt after it had been given reason to know that this was prohibited and/or inconvenienced Cyndal, and thereby invaded Cyndal's right to privacy.

34. Defendants and their agents intentionally and/or negligently caused emotional harm to Cyndal by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Cyndal's right to privacy.

35. Cyndal had a reasonable expectation of privacy in Cyndal's solitude, seclusion, private concerns and affairs.

36. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against Cyndal, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

37. Defendants' acts as described above were done intentionally with the purpose of coercing Cyndal to pay the alleged debt.

38. As a result of such intrusions and invasions of privacy, Defendants are liable to Cyndal for actual damages in an amount to be determined at trial from each and every Defendant.

## VI. *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against each Defendant for the following:

A. Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1) for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations, and from each Defendant for intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff.

B. Statutory damages of $1000.00 from each Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A).

C. Costs and reasonable attorney fees from each Defendant and for Plaintiff pursuant to 15 U.S.C. § 1692k(a)(3).

D. Punitive damages.

E. For such other and further relief as the Court may deem just and proper.

Dated:  November 6, 2012                                    RESPECTFULLY SUBMITTED,
                                                            By: /s/ Kevin Crick
                                                            Kevin Crick, Esq.
                                                            BBO:  680950
                                                            Consumer Rights Law Firm, PLLC
                                                            300 Brickstone Square, Suite 902
                                                            Andover, Massachusetts 01810
                                                            Phone: (978) 212-3300
                                                            Fax: (978) 409-1846
                                                            kevinc@consumerlawfirmcenter.com
                                                            **Attorney for Plaintiff**

*DEMAND FOR JURY TRIAL*
Please take notice that plaintiff Cyndal Todd demands trial by jury in this action on all

issues so triable.  US Const. amend. 7. Fed.R.Civ.P. 38.